UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT E. O'BANNON,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 22-cv-00684-BLF<br><br>**ORDER OF SERVICE; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that Defendants were involved in the decision to transfer over 100 prisoners, some of whom were infected with COVID-19, from the California Institution for Men ("CIM") to SQSP in May 2020. Dkt. No. 1 at 19. He alleges that Defendants failed to take adequate safety precautions before, during, and after the transfer, including failing to test the transferring prisoners or screen them for symptoms at the appropriate times, failing to implement distancing measures on the transfer busses, and failing to test and isolate the transferred prisoners upon arrival. *Id*. He alleges that over the course of three weeks, SQSP went from having no cases of COVID to 499 cases, and by late July, SQSP had more than 2,000 prisoner cases and 26 prisoners had died from the virus. *Id*. at 19, 24. He alleges that Defendants failed to follow the recommendations of a Marin County public health official to mitigate spread, and that there was "a grave lack of personal protective equipment and masks at San Quentin . . . even though masks and PPE were easily obtainable." *Id*. at 21-22. He alleges that Defendants failed to follow the recommendations of a group of public health experts, who toured SQSP at the request of federal receiver Clark Kelso, to release or transfer prisoners and avoid reliance on punitive housing to quarantine the sick. *Id*. at 22. He alleges that Defendants refused offers by the Innovative Genomics Institute at Berkeley and by a research laboratory at UCSF Medical Center to provide free COVID testing. *Id*. at 23.

Plaintiff alleges that Defendants were aware of his high-risk factors for COVID, including asthma, sleep apnea, enlarged prostate, breathing difficulties, and age. *Id*. at 34. He alleges that

2

he became infected with COVID around June 13, 2020.  *Id.*

    Plaintiff names the following Defendants:

1. The State of California
2. California Department of Corrections and Rehabilitation ("CDCR")
3. SQSP
4. Ralph Diaz, former secretary of CDR
5. Estate of Robert S. Tharratt, former Medical Director of CDR
6. Ronald Davis, Warden of SQSP
7. Ronald Broomfield, Acting Warden of SQSP
8. Clarence Cryer, Chief Executive Officer of SQSP
9. Alison Pachynski, Chief Medical Executive of SQSP
10. Shannon Garrigan, Chief Physician and Surgeon of SQSP
11. Louie Escobell, Health Care Chief Executive Officer of CIM
12. Muhammad Farooq, Chief Medical Executive for CIM
13. Kirk Torres, Chief Physician and Surgeon for CIM
14. Does 1 through 20.

Dkt. No. 1 at 4.  Plaintiff sues all Defendants who are people in their individual capacities.  *Id.*

    Plaintiff alleges that Defendants Diaz, Estate of Tharratt, Davis, Broomfield, Cryer, Pachynski, Garrigan, Escobell, Farooq, Torres, and Does 1-20 violated his rights under the Eighth Amendment by being deliberately indifferent, either directly or via supervisory liability, to his medical and safety needs; interfered with his right to familial association; interfered with his right to be free from state-created danger under the Fourteenth Amendment; and violated his rights under California Civil Code section 52.1.  Dkt. No. 1 at 36, 38, 43.  He alleges that Defendants State of California, CDCR, and SQSP violated his rights under the Rehabilitation Act.  *Id.* at 45.  Plaintiff also brings a negligent infliction of emotional distress claim against Defendants Diaz, Estate of Tharratt, Davis, Broomfield, Cryer, Pachynski, Garrigan, Escobell, Farooq, Torres, and Does 1-20.  *Id.* at 47.

    Plaintiff seeks declaratory relief, compensatory damages, punitive damages, and costs.  *Id.*

at 48-49.  Plaintiff also seeks attorney fees, which are inapplicable as he is currently proceeding *pro se*. *Id.* at 49.

**C.     Legal Claims**

Although Plaintiff lists "Does 1-20" in the caption, he has made no specific allegations regarding any unknown defendants.  The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), but situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  Because Plaintiff has not made any specific allegations about Does 1-20, the claims against these Doe Defendants are DISMISSED without prejudice.

The allegations regarding the May 2020 transfer of CIM inmates into SQSP state cognizable Eighth Amendment claims against Defendants Diaz, Estate of Tharratt, Davis, Broomfield, Cryer, Pachynski, Garrigan, Escobell, Farooq, and Torres.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

The right to familial association is a is a "fundamental liberty interest" arising under the First and Fourteenth Amendments. *See, e.g., Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). But "[a]n inmate does not retain rights inconsistent with proper incarceration," including, to some extent, "freedom of association" which "is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).  While the Ninth Circuit has suggested that a "blanket ban on . . . visitation privileges" could be unconstitutional, generally, "prisoners do not have an absolute right to visitation." *Dunn v. Castro*, 621 F.3d 1196, 1204-05 (9th Cir. 2010). Because Plaintiff has made no specific allegations regarding deprivation of the right to familial

4

association in his complaint, the claim will be dismissed.

An official violates the Fourteenth Amendment's Due Process clause by "failing to protect an individual from harm by third parties." *Henry A. v. Willden*, 678 F.3d 991, 1002 (9th Cir. 2012). "To determine whether an official affirmatively placed an individual in danger, [courts] ask: (1) whether any affirmative actions of the official placed the individual in danger he otherwise would not have faced; (2) whether the danger was known or obvious; and (3) whether the officer acted with deliberate indifference to that danger." *Id.* Plaintiff's complaint does not allege that he was harmed by third parties; he alleges that he was harmed by contracting COVID-19. The state-created danger doctrine is therefore inapplicable, and this claim will be dismissed.[1]

California Civil Code section 52.1, the Bane Act, "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion'." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (quoting *Venegas v. County of Los Angeles*, 153 Cal.App.4th 1230, 1239 (2007)). A defendant must have "specific intent" to violate the plaintiff's rights. "But it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights'." *Id.* at 1045 (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)). The Ninth Circuit in *Reese* found a triable issue as to specific intent where the defendant deputy sheriffs, responding to a 911 call about a gunshot and a man with a knife, fired at the plaintiff as he answered the door with a knife. *Id.* at 1035, 1045. Here, liberally construed, Plaintiff has stated a cognizable claim that Defendants acted with reckless disregard for his constitutional rights, meeting the elements of the Bane Act.

The elements of a Rehabilitation Act claim are that: (1) the plaintiff is a handicapped person under the Act; (2) he is otherwise qualified; (3) the relevant program receives federal

---

[1] Further, "the Ninth Circuit has held that the Eighth Amendment, and not the Fourteenth Amendment, provides the applicable standards for evaluating convicted prisoners' conditions of confinement claims." *Caruso v. Hill*, No. 120CV0084AWIEPGPC, 2020 WL 4018141, at *11 (E.D. Cal. July 15, 2020). The state-created danger doctrine likely does not apply to prisoners, whose claims arise instead under the Eighth Amendment.

5

financial assistance; and (4) the defendants impermissibly discriminated against him on the basis of the handicap. *See Bonner v. Lewis*, 857 F.2d 559, 562-63 (9th Cir. 1988). The Act is applicable to state prisons receiving federal financial assistance. *See Armstrong v. Wilson*, 124 F.3d 1019, 1022-23 (9th Cir. 1997), and the state acceptance of federal funds may waive sovereign immunity. *See Pugliese v. Dillenberg*, 346 F.3d 937, 937-38 (9th Cir. 2003) (per curiam).

Here, Plaintiff has alleged that he has asthma, sleep apnea, enlarged prostate, breathing difficulties, and advanced age, and that Defendants the State of California, CDCR, and SQSP receive federal assistance and funds. Dkt. No. 1 at 45-46. He alleges that these Defendants

> [W]ere required to make reasonable accommodations for [his] disabilities, such as providing additional enhanced PPE, providing legally required N-95 respirators, changing the prison environment, sanitation and deep cleaning of the prison, eradicating vermin from the housing unit, black mold remediation, single cell housing to allow for social distancing, enforcing social distancing and masking mandates, and following well-known public health directives, Orders, and advice . . . to properly address the COVID-19 pandemic outbreak at San Quentin.

*Id.* at 46. Plaintiff alleges that Defendants violated the Rehabilitation Act by failing to accommodate his disabilities and "subject[ing him] to even a greater risk of contracting and dying from COVID-19 than his non-disabled inmate cohorts." *Id.* at 47. Liberally construed, Plaintiff has stated a cognizable Rehabilitation Act claim against Defendants the State of California, CDCR, and SQSP.

Plaintiff has also stated a cognizable state-law claim for negligent infliction of emotional distress. Under California law, "there is no independent tort of negligent infliction of emotional distress." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). A negligent infliction of emotional distress claim is only available where the "defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object," and "recovery is available only if the emotional distress arises the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." *Id.* at 985. Here, Defendants have a duty to plaintiff as a prisoner under state tort law. California "[c]ase law holds that 'there is a special relationship between jailer and prisoner, imposing on the former a duty of care to the latter'." *Lawson v. Superior Ct.*, 180 Cal. App. 4th 1372, 1389–90 (2010) (quoting *Giraldo v.*

*Department of Corrections & Rehabilitation*, 168 Cal. App. 4th 231, 250 (2008)). Plaintiff alleges that the emotional distress arose out of Defendant's breach of their duty to him by exposing him to COVID-19.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. Defendants Does 1-20 are DISMISSED without prejudice.

2. Plaintiff's familial association claim is DISMISSED without prejudice.

3. Plaintiff's state-created danger claim is DISMISSED.

4. Plaintiff has stated the following cognizable claims against Defendants Diaz, Estate of Tharratt, Davis, Broomfield, Cryer, Pachynski, Garrigan, Escobell, Farooq, and Torres: violation of the Eighth Amendment by deliberate indifference to his health and safety needs; California Civil Code section 52.1; and negligent infliction of emotional distress.

5. Plaintiff has stated the following cognizable claims against Defendants the State of California, CDCR, and SQSP: violation of the Rehabilitation Act.

6. The Court ORDERS that service on the following Defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

   a. The State of California
   b. CDCR
   c. SQSP
   d. Ralph Diaz, former secretary of CDR
   e. Estate of Robert S. Tharratt, former Medical Director of CDR
   f. Ronald Davis, Warden of SQSP
   g. Ronald Broomfield, Acting Warden of SQSP
   h. Clarence Cryer, Chief Executive Officer of SQSP
   i. Alison Pachynski, Chief Medical Executive of SQSP
   j. Shannon Garrigan, Chief Physician and Surgeon of SQSP
   k. Louie Escobell, Health Care Chief Executive Officer of CIM

        l.        Muhammad Farooq, Chief Medical Executive for CIM

        m.       Kirk Torres, Chief Physician and Surgeon for CIM

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

7.      All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

8.      This Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter. *See* Dkt. No. 3.

9. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

10. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: June 30, 2022

BETH LABSON FREEMAN
United States District Judge